HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH E. McNELLIS & PAMELA A. McNELLIS,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

No. CV11-5475RBL

ORDER DENYING MOTIONS FOR TRO AND PRELIMINARY INJUNCTION
[Dkt. #s 8 & 9]

    This matter is before the court on the Plaintiffs' Motions for a Temporary Restraining Order [Dkt. #8], and for a Preliminary Injunction [Dkt. #9]. Plaintiffs seek to restrain and enjoin the Defendants from pursuing foreclosure on their Property. Plaintiffs' Complaint and Motions claim a variety of improprieties and violations in the manner in which the Defendants acquired and seek to foreclose on their Note and Deed of Trust.

    Plaintiffs claim to be the party of record ownership of Property commonly known as 3404 10TH Street NW, Gig Harbor, WA, 98335. They claim they had a clear chain of title until 1986. They admit that, in 2008, they executed a $264,000 Promissory Note and Deed of Trust on the Property, and attach a copy of the Deed of Trust to the Complaint. [Dkt. #1, Ex. B]. Plaintiffs contend they are not registered or licensed to issue negotiable instruments.

    Plaintiffs allege a variety of improper subsequent transfers of the Deed of Trust, and claim that the Note was unilaterally altered after it left their possession, making their signatures upon it "moot." They claim the Deed of Trust was also altered and is also "moot."

ORDER - 1

They claim their obligations, if any, have been discharged by the Defendants' conduct. Plaintiffs also allege (and provide evidence suggesting) that they were informed they were in default on their loan in November 2010, and that they were notified of the Defendants' intent to sell the property at a Trustees sale in December 2010.

Plaintiff's Complaint [Dkt. #1] and Motions [Dkt. #s 8 and 9] additionally contain the following general and conclusory contentions:

- They have not defaulted on the subject loan, and no default can be proven.
- Defendants have produced no valid security interest in the Property.
- They will be irreparably harmed by foreclosure.
- They are likely to prevail on the merits of their complaint.
- The balance of hardships favors them.
- Enjoining the foreclosure is in the Public Interest.

**Discussion.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth

Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

***

The Plaintiffs have failed as a matter of law to establish their right to a Temporary Restraining Order or a Preliminary Injunction. The court will assume Plaintiffs have established the element of irreparable harm, as evidenced by their respective Affidavits of hardship. [Dkt. #s 10, 11, 12, &13]. But they have not met, and cannot meet, their burden of establishing that the remaining factors weigh in favor of preliminary injunctive relief.

Because the Plaintiffs are proceeding *pro se*, the Court extends some latitude to their pleadings. Nevertheless, the bulk of Plaintiffs' arguments appear to rest on the purely conclusory allegation that the Defendants have failed in some manner to properly initiate the foreclosure. They suggest that these vague imperfections lead to the result that the Plaintiffs are somehow not obligated to repay the money they admit they borrowed. Moreover, as this Court has concluded previously, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

The Plaintiffs have not established any remote likelihood of success on the merits of their claims. It appears from Plaintiffs' own filings that they have not paid on the mortgage since sometime before November 2010. But the Plaintiffs have not articulated, much less demonstrated, what the defendants did wrong, and they have failed to argue or demonstrate how any such error would have the effect of discharging Plaintiffs' obligation to repay their debt.

Nor have the Plaintiffs met their burden of establishing that the balance of equities tips in their favor. They have alleged hardship (a separate element) but have not even addressed how they equities are in their favor. On the other hand, the plaintiffs have apparently been in

possession of a home they have not paid for, for some period of time. The balance of equities weighs in favor of Defendants.

The final factor is the public interest. While it is true that the public has an interest in ensuring that foreclosures are done properly, Plaintiffs have made no showing whatsoever that any impropriety occurred in this case. On the other hand, it is abundantly clear that the public has a broad interest in resolving the unfortunately vast array of in-default loans adversely affecting every bank in the country. Enjoining facially legitimate foreclosure sales is not in the public interest; in fact, just the opposite is true.

The Plaintiffs have not met their burden to obtain injunctive relief. Their Motions [Dkt. #s 8 & 9] for such relief are therefore DENIED.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE