HONORABLE RONALD B. LEIGHTON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOSEPH E. McNELLIS and PAMELA A. McNELLIS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NORTHWEST TRUSTEE SERVICES, INC., WELLS FARGO BANK, N.A.,<br><br>　　　　　　　　　　Defendants. | No. 3:11-cv-05475 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br>[Dkt. #s 21 &22] |

## INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss under Rule 12(b)(6), for failure to state a claim upon which relief can be granted. [Dkt. #21].

The case arises from Plaintiffs' refinance of their Property. Plaintiffs defaulted on their mortgage, the lenders foreclosed. Plaintiffs assert a variety of claims against Defendants, based upon their contention that Note and Deed of Trust were invalid and the foreclosure was wrongful.

For the reasons below, the Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND

On September 10, 2008, Plaintiffs Joseph and Pamela McNellis refinanced their Property, borrowing money from Terrace Mortgage Company, in exchange for a promissory note. The Note was secured by a Deed of Trust which named Defendant Mortgage Electronic Registration

ORDER - 1

Systems, Inc. (MERS) as nominee and beneficiary. On November 11, 2010, MERS assigned the Deed to Defendant Wells Fargo Bank by a recorded assignment of Deed of Trust. A copy of the Note attached to Plaintiffs' Complaint shows that the Note is indorsed twice: first by Terrace to Wells Fargo, and second, indorsed in blank by Wells Fargo.

On November 15, 2011, Wells Fargo appointed Defendant Northwest Trustee Services, Inc. (NWTS) as successor trustee by a recorded appointment of successor trustee. Plaintiffs defaulted, and on December 22, 2010, NWTS recorded a notice of trustee's sale.

Plaintiffs filed this action[1] for money damages on June 2, 2011, asserting a variety of claims including wrongful foreclosure. Plaintiffs assert that their Note was incorrect and that default cannot be proven. Plaintiffs claim Defendants violated the Fair Debt Collection Practices Act, (FDCPA), Fair Credit Reporting Act (FCRA), and the Real Estate Settlement Procedures Act (RESPA). Plaintiffs also seek declaratory and injunctive relief.

On July 1, 2011, Plaintiffs declared bankruptcy, which automatically stayed this action. Plaintiffs' bankruptcy was dismissed without discharge on September 6, 2011 (*see* W.D. Wash. Bankr. Case No. 11-45388-BDL), and the stay was lifted.

Defendants MERS and Wells Fargo moved to Dismiss all claims [Dkt. #21], and Defendant Northwest Trustees joined the Motion [Dkt. #22].

## DISCUSSION

**1. Standard for Dismissal**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper

---

[1] Plaintiffs sought to enjoin the foreclosure but that Motion was denied. *See* Dkt. #19

[Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Plaintiffs do not seek to amend their complaint, but the Defendants do seek dismissal with prejudice. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

**2.  "Incorrect Note" Claim**

The McNellises assert a cause of action for an "incorrect note."  They claim that the Note originally signed was "unregistered and non-negotiable." [Complaint, Dkt. #1 at 10].  They argue that Terrace's indorsement to Wells Fargo, and Wells Fargo's indorsement in blank, void the Note.  They argue that Terrace's indorsement to Wells Fargo unilaterally changed the terms and conditions after Plaintiffs signed the Note.  They assert that the Note is "discharged" and the Deed no longer "secures the Note." [Dkt. #1 at 12].  Because Plaintiffs claim does not actually allege any unlawful conduct by Defendants, Plaintiffs' claim fails.

Washington law clearly provides that negotiable instruments may be indorsed. Under the Uniform Commercial Code, a bearer may indorse the instrument to another entity as a "special indorsement." RCW 62A.3-205(a). Additionally, RCW 62A.3-205(b) covers indorsement in blank, whereby the Note is payable to the bearer. Under the Deed of Trust Act, a beneficiary is "the holder of the instrument . . . ." RCW 61.24.005(2). The UCC defines a holder as "the person in possession if the instrument is payable to bearer." RCW 62A.1-201(20).

The Note here was indorsed in blank and gave the bearer, Wells Fargo, the right to enforce it. The Deed of Trust Act also gives Wells Fargo, as beneficiary, the right to enforce the Deed securing it. The Defendants' actions were lawful, and their rights secured by state law. The indorsements did not discharge the Note nor cause the Deed to cease securing the Note. Plaintiffs fail to state a claim.

Defendants' Motion to Dismiss Plaintiffs' "incorrect note" action is GRANTED, and that claim is DISMISSED with prejudice.

**3. "Erroneous Alleged Default" Claim**

The McNellises assert that no default has actually occurred, because Defendants were not the proper parties to declare default. Plaintiffs allege that Fannie Mae is the true beneficiary and therefore the correct party to declare default. They claim that because Fannie Mae has not declared default, no default exists. It is worth noting that Plaintiffs do not deny they have failed to make the required payments, and do not assert that they have.

Plaintiffs claim the notice of default and notice of sale were inadequate, because they are not confident Wells Fargo actually owns the Note. Plaintiffs argue that the indorsements discussed above rendered the Note moot, somehow terminating Plaintiffs' obligations to make payments on it.

Plaintiffs' argument regarding the indorsements is rejected above. Their obligations to continue paying on the Note remained. Their failure to make payments undercuts their argument that they are not in default.

The McNellises' claim that the incorrect party declared default is not supported by factual allegations. Plaintiffs' fail to assert any fact showing that Fannie Mae was the

beneficiary of the Deed or that Fannie Mae held the Note itself.  Rather, factual allegations point to Wells Fargo as the holder of the note and beneficiary of the Deed, as discussed in the preceding section.  Plaintiffs do not believe Wells Fargo actually owned the Note.  However, as this Court has previously concluded, a defendant's "show me the note" argument is routinely held as lacking merit and insufficient to defeat a Rule 12 motion to dismiss.  *See Freeston v. Bishop, White & Marshal, P.S.*, 2010 WL 1186276 (W.D. Wash., Mar. 24, 2010) (quoting *Diessner v. Mortg. Elec. Reg. Sys.*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).  Defendants' Motion to Dismiss Plaintiffs' erroneous alleged default claim is GRANTED.

    **4.   Fair Debt Collection Practices Act Claim**

Plaintiffs claim violations of the FDCPA against Wells Fargo for failure to verify the McNellises' debt within 30 days of a request to do so.  Defendant Wells Fargo argues Plaintiffs fail to state a claim because the FDCPA does not apply to Wells Fargo.  Wells Fargo argues it is a creditor, not a debt collector.

A creditor under the FDCPA is a "person who uses any instrumentality of interstate commerce or the mails" to collect debts.  15 U.S.C. § 1692(a).  It may also be a person "who regularly collects or attempts to collect . . . debts . . . owed or due another." *Id*.  It specifically does not cover "a consumer's creditors." *Id*.  It is well-settled that the statute does not apply to a mortgage servicing company.  *Segle v. PNC Mtg.*, 2011 WL 1098936, *7 (W.D. Wash. Mar. 25, 2011) (citing *Lal v. Am. Home Servicing, Inc.*, 680 F.Supp.2d 1218, 1224 (E.D.Cal.2010)).

Wells Fargo correctly points out that the indorsements on the Note demonstrate that Wells Fargo was a creditor, or a loan servicer, and not a debt collector subject to the Act.  Additionally, the plaintiffs have not and cannot demonstrate that they were not in default.  The FDCPA does not apply, and Plaintiffs have failed to state a claim under it.  Defendants' Motion to Dismiss Plaintiffs' FDCPA claim is GRANTED, and Plaintiffs' FDCPA claims is DISMISSED with prejudice.

    **5.   Fair Credit Reporting Act Claim**

Plaintiffs assert Wells Fargo violated the Fair Credit Reporting Act (FCRA) by "erroneously reporting the obligation of [Terrace Mortgage Company] as if it were the obligation

ORDER - 5

of Plaintiff's." [Dkt. #1 at 15]. Plaintiffs offer no further allegation in their Complaint to support the FCRA claim. They provide no detail regarding which provisions of the FCRA apply or how they were violated. Defendants argue that by indorsing the Note to Wells Fargo, Terrace did not relieve the McNellises of their obligation. Furthermore, Defendants assert that the FCRA is largely applicable to credit reporting agencies, making it difficult to determine what exactly Plaintiffs claim against Wells Fargo.

Plaintiffs do not plead with any particularity regarding the FCRA. It is not at all clear what statutory provisions plaintiffs even claim are at issue here. In any event, as discussed above, the indorsements made on the Note did not void Plaintiffs' obligations. Therefore, the entire basis for this claim fails. Defendants' Motion to Dismiss Plaintiffs' FCRA claim is GRANTED, and that claim is DISMISSED with prejudice.

**6.   Real Estate Settlement Procedures Act Claim**

Plaintiffs assert that Defendants Wells Fargo and NWTS violated the Real Estate Settlement Procedures Act (RESPA) by failing to adequately respond to a Qualified Written Request. The Complaint does not allege a written request, its date, the subject matter, or any other pertinent information. The McNellises fail to allege any fact regarding Defendants' response or its inadequacy. In short, the factual bases for Plaintiffs RESPA claim are merely conclusory statements insufficient to support a claim. *See Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*). Defendants' Motion to Dismiss Plaintiff's RESPA claim is GRANTED, and that claim is DISMISSED with prejudice.

**7.   Request for Declaratory Relief**

The McNellises seek a declaratory judgment that MERS' "service as a beneficiary under the subject Deed of Trust has no basis in law or equity." [Dkt. #1 at 17]. This Court recognizes as a threshold matter that no party in this suit claims that MERS is a beneficiary under the Deed. A controversy does not exist where there is no disputed claim. This Court discussed above the indorsements on the Note. The indorsements establish that Wells Fargo is the beneficiary. This issue is therefore moot.

Additionally, this Court and the Ninth Circuit have both held that to argue MERS is not a proper beneficiary is insufficient to defeat a Rule 12 motion to dismiss.  *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F.Supp.2d 1115, 1126 (W.D. Wash. 2010); *see also Cervantes v. Countrwide Home Loans, Inc.*, 2011 WL 3911031, *5 (9th Cir. Sept. 7, 2011).  For these reasons, Defendants' Motion to Dismiss Plaintiff's request for declaratory relief is GRANTED, and this claim is DISMISSED with prejudice.

**8. Request for Injunctive Relief**

Plaintiffs seek permanent injunctive relief restraining further foreclosure proceedings. This Court has previously denied temporary and preliminary injunctive relief in this case. [Order Denying Motions for TRO and Preliminary Injunction, Dkt. #19].  The McNellises' request for injunctive relief relies upon the success of their substantive claims, which this Court has dismissed.  Plaintiffs' request for permanent injunctive relief is therefore denied.  Defendants' Motion to Dismiss Plaintiffs' request for injunctive relief is GRANTED, and this claim is DISMISSED with prejudice.

## CONCLUSION

Defendants' Motion to Dismiss all claims is GRANTED.  The facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law.  The court therefore denies leave to amend, and the dismissal is with prejudice. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

**IT IS SO ORDERED.**

Dated this 21st day of December, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE